# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| OROSTREAM LLC, <br> *Plaintiff,* <br> v. <br> ABS-CBN International, <br> *Defendant.* | § § § § § § § § § § | Civil Action No. 2:15-cv-00248-JRG <br><br> CONSOLIDATED <br> **(LEAD CASE)** <br><br> **JURY TRIAL DEMANDED** |
| OROSTREAM LLC, <br> *Plaintiff,* <br> v. <br> NHL INTERACTIVE CYBERENTERPRISES, LLC, <br> *Defendant.* | § § § § § § § § § § § § § | Civil Action No. 2:15-cv-00256-JRG <br><br> **JURY TRIAL DEMANDED** |
| OROSTREAM LLC, <br> *Plaintiff,* <br> v. <br> ZUFFA, LLC, <br> *Defendant.* | § § § § § § § § § § § § | Civil Action No. 2:15-cv-00262-JRG <br><br> **JURY TRIAL DEMANDED** |

## **DEFENDANTS' CORRECTED MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

**TABLE OF CONTENTS**

**PAGE**

I. BACKGROUND ................................................................................................................. 2

    A. Prior litigation finding invalidity of the '837 Patent .............................................. 2

    B. The '837 Patent ....................................................................................................... 3

II. LEGAL STANDARD ........................................................................................................ 3

III. ARGUMENT ...................................................................................................................... 6

    A. Alice step 1: claim 37 is directed to the abstract idea of monitoring and adjusting how fast information is transferred ........................................................ 7

    B. Alice step 2: claim 37 lacks any inventive concepts sufficient to transform the abstract idea into patent-eligible subject matter ............................................... 9

        1. Claim 37 merely applies an abstract idea on the Internet ........................... 9

        2. Alice step 2: claim 37 covers the well understood, routine, and conventional and its computer limitations are insignificant post-solution elements ...................................................................................... 10

        3. Claim 37 fails the machine or transform test ............................................ 11

    C. Further litigation is unnecessary and only wastes judicial resources ................... 12

IV. CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Alice Corp. Pty. Ltd. v. CLS Bank Intern.*,
  134 S. Ct. 2347 (2014) ............................................................................................... passim

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ......................................................................................................... 4

*Clear with Computers, LLC v. Altec Industries, Inc.*,
  No. 6-14-cv-00079-JRG, 2015 WL 993392 (E.D. Tex. Mar. 3, 2015) ........................... passim

*Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*,
  776 F.3d 1343 (Fed. Cir. 2014) ................................................................................. 4, 8, 12

*Cuvillier v. Taylor,*
  503 F.3d 397 (5th Cir. 2007) ......................................................................................... 3, 4

*DDR Holdings v. Hotels.com, LP,*
  773 F.3d 1245 (Fed. Cir. 2014) ......................................................................................... 9

*EIT Holdings, LLC, v. Yelp!, Inc.*,
  No. 3-10-cv-05623-WHA, 2012 WL 174803 (Jan. 20, 2012 N.D. Cal) ....................... 2, 10, 12

*In re Bilski*,
  545 F.3d 943 (Fed. Cir. 2008) ........................................................................................... 4

*Loyalty Conversion Systems Corporation v. American Airlines, Inc.*,
  No. 2-13-cv-00655-WCB, 2014 WL 4364848 (E.D. Tex. Sept. 3, 2014) ............................. 7

*Mayo Collaborative Services v. Prometheus Laboratories, Inc.*,
  132 S. Ct. 1289 (2012) ................................................................................................ 7, 11

*Ultramercial, Inc. v. Hulu, LLC*,
  772 F.3d 709 (Fed. Cir. 2014) ................................................................................... passim

**STATUTES**

35 U.S.C. § 101 .............................................................................................................. passim

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) .................................................................... 1, 3, 4

NHL Interactive CyberEnterprises, LLC ("NHL Interactive") and Zuffa, LLC ("Zuffa") move to dismiss the complaints filed by Orostream LLC ("Orostream") for their failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

The Supreme Court's *Alice* decision and Federal Circuit precedent applying that decision warrant dismissal of the sole asserted claim at issue in this case.  Claim 37 of U.S. Patent No. 5,828,837 (the "'837 Patent") is not patent eligible subject matter under 35 U.S.C. § 101.  The claim's two short limitations provide no technical detail and merely discuss monitoring and adjusting the speed of something.  Claim 37 is directed to an abstract idea, because monitoring and adjusting how fast something is transferred from one location to another has been applied for many centuries and similarly is applied daily in many situations.  Thousands of years ago, Roman orators practicing a speech would adjust how fast they were speaking if they (or someone listening) realized they were speaking too quickly or slowly.  For decades, court reporters have listened to attorneys and witnesses speak and adjusted the speed at which they transcribed accordingly (*i.e.*, if somebody was talking fast, the court reporter had to transcribe more quickly or tell the witness or attorney to slow down).  As another example, for decades (if not centuries) construction managers would monitor construction progress and adjust the rate of shipments of construction materials when they realized they were receiving shipments from the warehouse too quickly or slowly.  These are the same abstract concepts at issue in this case.

Claim 37 is not only abstract, but it also contains no inventive concept that would save it from patent ineligibility.  Merely taking this abstract idea and applying it to the Internet is insufficient as a matter of law.  Nothing in the language of claim 37 transforms the claim into

---

[1] This document is filed as a corrected version of Dkt. No. 29.  It corrects highlighting errors in Dkt. No. 29 found on pages 3, 8, and 9 that occurred due to document processing errors.  There are no substantive changes.

something worthy of patent protection. All that is described in the claim is routine, conventional, and undisputedly in the prior art.

The issue before the Court is a simple one, and resolving it now conserves judicial resources and prevents unnecessary litigation expense of the parties. NHL Interactive and Zuffa therefore respectfully request that the Court dismiss the complaints pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.    BACKGROUND

### A.    Prior litigation finding invalidity of the '837 Patent

Claims of the '837 Patent have already been adjudicated as invalid. EIT Holdings, LLC ("EIT"), the previous owner of the '837 Patent, asserted claims 40 and 41 against nine separate defendants in the Northern District of California. On January 20, 2012, the Northern District of California held (and the Federal Circuit affirmed) that claims 40 and 41 of the '837 Patent were anticipated and rendered obvious by the prior art. *EIT Holdings, LLC, v. Yelp!, Inc.*, No. 3-10-cv-05623-WHA, 2012 WL 174803 (Jan. 20, 2012 N.D. Cal), *aff'd*, 484 Fed. Appx. 558, 2012 WL 4783021 (Fed. Cir. 2012). The two invalid claims share several generic elements with asserted claim 37, including: "target information," "user node[]," and "master node[]." It is therefore undisputed that these elements of asserted claim 37 are found in the prior art.

After losing its case on the '837 Patent, EIT purportedly transferred its rights to the patent to Orostream on December 24, 2014. Shortly after, on February 23, 2015, without ever reaching out to NHL Interactive or Zuffa to discuss the purported infringement, Orostream filed suit. On the same day, Orostream filed 13 separate lawsuits against 13 other defendants in the Eastern District of Texas alleging infringement of claim 37 of the '837 Patent.

B.     The '837 Patent

The '837 Patent is titled "Computer Network System and Method for Efficient Information Transfer." It was filed on April 15, 1996, has 55 claims, and is set to expire within a year.

Independent claim 37 generally claims a method of monitoring and adjusting how fast information is transferred to reduce delay. The passages highlighted in yellow demonstrate the centuries old idea of monitoring and adjusting how fast information is transferred. The sections highlighted in turquoise illustrate the type of information transferred (target information) and the sections highlighted in green illustrate between who or what the information is transferred (between two different nodes, *i.e.,* computers).

> 37.  A method of transferring target information packets while minimizing additional communication delay between a user node and a master node comprising the steps of:
>
> monitoring length of time necessary for transfer of each target information packet; and
>
> adjusting the rate of target information transfer in response to the monitored transfer time.

Claim 37 does not claim any new software or computer technology. Nor does claim 37 improve upon any existing software or computer technology such as the Internet. Instead, the claim simply references the idea of monitoring and adjusting how fast information is transferred in the context of a generic computer environment by claiming a type of information (*i.e.*, "target information packets") and stating that it is transferred between computers (*i.e.*, "a user node and a master node.").

II.    **LEGAL STANDARD**

A defendant may move to dismiss a complaint that fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a

complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief. . ." *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (internal citations and quotations omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief [as a matter of law], this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier*, 503 F.3d at 401 (internal citations and quotations omitted).

Legal conclusions are left for the court to decide. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1950 (2009). Patentability under 35 U.S.C. § 101 is a threshold legal issue. *In re Bilski*, 545 F.3d 943, 950-51 (Fed. Cir. 2008) (en banc), *aff'd*, *Bilski v. Kappos*, 130 S. Ct. 3218 (2010). In order to be actionable, a patent's claims must be drawn to patent eligible subject matter under 35 U.S.C. § 101. *Id.* at 950. A 35 U.S.C. § 101 inquiry is properly raised on a motion to dismiss under Rule 12(b)(6). *See, e.g., Clear with Computers, LLC v. Altec Industries, Inc.,* No. 6-14-cv-00079-JRG, 2015 WL 993392, at *3 (E.D. Tex. Mar. 3, 2015); *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 711 (Fed. Cir. 2014); *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343 (Fed. Cir. 2014). The Federal Circuit "has . . . recognized that subject matter eligibility is the primal inquiry, one that must be addressed at the outset of litigation." *Ultramercial*, 772 F.3d at 718 (Mayer, J., concurring). Resolving subject matter eligibility on a motion to dismiss avoids unnecessary discovery, claim construction proceedings, motion practice, and other needless burdens on the court. *Clear with Computers,* 2015 WL 993392 at *3 (stating that there was "no reason to delay its § 101 ruling [for claim construction on "claim language that is relatively simple"] while the parties continue to expend significant resources

which will not impact or aid the Court in reaching this decision."); *see also Content Extraction*, 776 F.3d at 1349; *Ultramercial*, 772 F.3d at 718 (Mayer, J., concurring).

"An analysis into whether a claim is patent eligible under 35 U.S.C. § 101 begins by identifying whether an invention fits within one of the four statutorily provided categories of patent eligible subject matter: processes, machines, manufactures, and compositions of matter. 35 U.S.C. § 101. Section 101 'contains an important implicit exception: Laws of nature, natural phenomena, and ***abstract ideas are not patentable***.'" *Ultramercial*, 772 F.3d at 713-714 (emphasis added) (quoting *Alice Corp. Pty. Ltd. v. CLS Bank Intern.*, 134 S. Ct. 2347, 2354 (2014)). "The 'abstract ideas' category embodies 'the longstanding rule that '[a]n idea of itself is not patentable.''" *Alice*, 134 S. Ct. at 2355 (alteration in original) (citations omitted). However, abstract ideas may still be patent eligible if they transform the claimed abstract idea into a patent eligible application. *Alice*, 134 S. Ct. at 2355.

"Under the framework explained by the Supreme Court in [*Alice*] the patent eligibility of a claim is determined using a ***two-step process***. ***First***, the Court must 'determine whether the claims at issue are directed to' an abstract idea." *Clear with Computers,* 2015 WL 993392 at *3 (emphasis added) (quoting *Alice*, 134 S. Ct. at 2355 and *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S. Ct. 1289, 1297–98 (2012)). The claims are viewed as a whole. *See Alice*, 134 S. Ct. at 2359. "The addition of merely novel or non-routine components to the claimed idea [does not] turn[] an abstraction into something concrete. Any novelty in implementation of the idea is a factor to be considered only in the second step of the *Alice* analysis." *Ultramercial*, 772 F.3d at 715.

"***Second***, the Court must 'consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the

claim into a patent-eligible application.'" *Clear with Computers,* 2015 WL 993392 at *3 (emphasis added) (quoting *Alice*, 134 S. Ct. at 2355). The transformation requires more than simply "'attempt[ing] to limit the use' of the abstract idea 'to a particular technological environment.'" *Ultramercial,* 772 F.3d at 716 (quoting *Alice,* 134 S. Ct. at 2358). "[I]f a patent's recitation of a computer amounts to a mere instruction to 'implemen[t]' an abstract idea 'on . . . a computer,' . . that addition cannot impart patent eligibility." *Alice*, 134 S. Ct. at 2358 (quoting *Mayo*, 132 S. C.t. at 1301).

"A claim that recites an abstract idea must include additional features" which "must be more than well-understood, routine, conventional activity" to be patent eligible under 35 U.S.C. § 101. *Clear with Computers*, 2015 WL 993392 at *4 (quoting *Ultramercial*, 772 F.3d at 715) (citing *Mayo*, 132 S. Ct. at 1298 and *Alice*, 134 S. Ct. at 2357). "A claim that recites an abstract idea must include 'additional features' to ensure 'that the [claim] is more than a drafting effort designed to monopolize the [abstract idea].'" *Alice,* 134 S. Ct. at 2357 (alterations in original) (quoting *Mayo*, 132 S. Ct. at 1297).

The machine-or-transformation test can "provide a 'useful clue' in the second step of the *Alice* framework." *Ultramercial*, 772 F.3d at 716 (citations omitted). Under this test, "[a] claimed process can be patent-eligible under Section 101 if: (1) it is tied to a particular machine or apparatus, or (2) it transforms a particular article into a different state or thing." *Id.* Claims that are "not tied to any particular novel machine or apparatus, only a general purpose computer . . . [where] [a]ny transformation from the use of computers or the transfer of content between computers is merely what computers do" fail the machine-or-transform test. *Id.* at 716-717.

### III.   ARGUMENT

Claim 37 is invalid under 35 U.S.C. § 101 because it does not cover patent eligible subject matter. Claim 37 is directed to the abstract idea of monitoring and adjusting how fast

something is transferred. The claim merely applies this idea to a computer environment. The claim provides nothing to transform the abstract idea into patent eligible subject matter.

> A. *Alice* step 1: claim 37 is directed to the abstract idea of monitoring and adjusting how fast information is transferred

The first step of the *Alice* framework directs courts to "determine whether the claims at issue are directed to" an abstract idea. *Alice*, 134 S. Ct. at 2355; *see also Clear with Computers,* 2015 WL 993392 at *3. This step looks at the purpose of the claim, at what the claim is trying to achieve. In *Alice,* the court analyzed the claims as a whole and found that, on their face, they were drawn to the abstract idea of intermediated settlement. *Alice*, 134 S. Ct. at 2355-2357. Likewise, this Court similarly "[r]educed [a claim] to its conceptual elements" and found that it covered the abstract idea of creating a customized sales proposal for a customer. *See Clear with Computers*, 2015 WL 993392 at *4; *see also Loyalty Conversion Systems Corporation v. American Airlines, Inc.*, No. 2-13-cv-00655-WCB, 2014 WL 4364848, at *7 (E.D. Tex. Sept. 3, 2014) ("[C]lose examination of the asserted claims shows that they are largely functional in nature and do little more than set forth the general concept of currency exchange, as applied to loyalty awards, and then announce the use of 'one or more' computers. . ."); *Mayo*, 132 S. Ct. at 1297.

Here, claim 37 describes the abstract idea of monitoring and adjusting how fast something (e.g., information) is transferred from one place to another. It applies this concept to a generic computer environment. To again highlight the abstractness, the passages highlighted in ==yellow== demonstrate the abstract idea of monitoring and adjusting how fast information is transferred. The sections highlighted in turquoise illustrate the items whose transfer speed is monitored and adjusted. The sections highlighted in green illustrate between where the items are transferred.

> 37. A method of transferring target information packets while minimizing additional communication delay between a user node and a master node comprising the steps of:
>
> monitoring length of time necessary for transfer of each target information packet; and
>
> adjusting the rate of target information transfer in response to the monitored transfer time.

The addition of generic computer elements such as the type of information (the turquoise "target information") and computers (the green "a user node and a master node") does not turn this abstract idea into something concrete. *Ultramercial*, 772 F.3d at 715 ("[T]he addition of merely novel or non-routine components to the claimed idea [does not] turn[] an abstraction into something concrete."); *see also Alice*, 134 S. Ct. at 2353 (finding that the claims at issue conceptually covered an abstract idea when "[a]ll of the claims are implemented using a computer."); *Clear with Computers*, 2015 WL 993392 at *4 (finding that the claims at issue conceptually covered an abstract idea implemented on a computer with elements such as "automatically select," "dynamically building a template," "single composite visual output," "static database," and "active database" patent ineligible.); *Ultramercial*, 772 F.3d at 712 (holding that the claims at issue conceptually covered an abstract idea implemented on a computer with elements such as "text data," "music data," "video data," "internet via a facilitator," and "internet website" patent ineligible); *Content Extraction*, 776 F.3d at 1346 (finding an abstract idea when the claims described extracting data using a scanner). "[A]ny novelty in implementation of the idea is a factor to be considered only in the second step of the *Alice* analysis." *Ultramercial*, 772 F.3d at 715.

### B. *Alice* step 2: claim 37 lacks any inventive concepts sufficient to transform the abstract idea into patent-eligible subject matter

The second step under the *Alice* framework is to "examine the elements of the claim to determine whether it contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Alice*, 134 S. Ct. at 2357 (quoting *Mayo*, 132 S. Ct. at 1294, 1298); *see also Clear with Computers,* 2015 WL 993392 at *3. The transformation requirement under *Alice* requires more than simply "'attempt[ing] to limit the use' of the abstract idea 'to a particular technological environment.'" *Ultramercial,* 772 F.3d at 716 (quoting *Alice,* 134 S. Ct. at 2358) (citing *Bilski,* 130 S. Ct. at 3230).

#### 1. Claim 37 merely applies an abstract idea on the Internet

All claim 37 does is apply an abstract idea to a generic computer environment. *Alice,* 134 S. Ct. at 2357. To illustrate this, the generic computer elements (information packets and computers) of claim 37 can readily be replaced with human counterparts (two people speaking) to show that the claim is nothing more than an improper "'drafting effort designed to monopolize the [abstract idea]'" onto a computer environment. *Alice,* 134 S. Ct. at 2357 (alterations in original) (quoting *Mayo*, 132 S. Ct. at 1297).

> 37. A method of transferring ~~target information packets~~ spoken words while minimizing additional communication delay between ~~a user node and a master node~~ a speaker and a listener comprising the steps of:
>
> monitoring length of time necessary for transfer of ~~each target information packet~~ each word; and
>
> adjusting the rate of ~~target information~~ word transfer in response to the monitored transfer time.

Claim 37 attempts to take a centuries old problem and its solution and apply it to a generic computer environment. What claim 37 does not do is address any new problem or provide any new solution rooted in computer technology. *Compare DDR Holdings v.*

*Hotels.com, LP,* 773 F.3d 1245, 1257 (Fed. Cir. 2014) (upholding validity when "the claimed solution is necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks."). The well-established abstract idea described in claim 37 is as old as speech itself. If a person is speaking too slow, that person will speed up her speech or else communication delays will occur because it will take too long to convey thoughts. If a person is speaking too quickly, she will slow down or else communication delays will occur because the listener will request that the speaker repeat many things that were missed. A court reporter may ask an attorney or witness to speak slower if they are speaking too quickly to be accurately recorded; at the very least the court reporter will need to transcribe more quickly where the speech is faster. Taking the idea of monitoring and adjusting and applying it to a computer or the Internet renders claim 37 patent ineligible.

        2.    *Alice* **step 2: claim 37 covers the well understood, routine, and conventional and its computer limitations are insignificant post-solution elements**

The "well-understood, routine, conventional activity" of the all of the elements of claim 37 does not transform the abstract idea into patent eligible subject matter. *Clear with Computers*, 2015 WL 993392 at *4 (quoting *Ultramercial*, 772 F.3d at 715) (citing *Mayo*, 132 S. Ct. at 1298 and *Alice*, 134 S. Ct. at 2357). The "target information packet" is a type of known and conventional information and the "user node" and "master node" are computers performing known and conventional functions. '837 Patent, 2:4-11, 25-53. Indeed, the courts have recognized that "target information," "user node[]," and "master node[]," as described in the '837 Patent, are all known and conventional prior art elements. The Northern District of California found these elements in the prior art. *EIT Holdings,* 2012 WL 174803 (Holding claims 40-41 invalid in light of the prior art where claims 40-41 have the elements "target information," "user node[]," and "master node[]"). The Federal Circuit affirmed this finding.

-10-

*EIT Holdings, LLC, v. Yelp!, Inc.*, 2012 WL 4783021. If the elements are adjudicated in the prior art, they are the very definition of "well-understood, routine, conventional activity."

Likewise, the addition of insignificant post-solution elements to the abstract idea is insufficient to make it patent eligible subject matter. *Mayo,* 132 S. Ct. at 1294 ("[T]he prohibition against patenting abstract ideas [which] 'cannot be circumvented by attempting to limit the use of the [abstract idea] to a particular technological environment' or adding 'insignificant postsolution activity.'") (quoting *Bilski*, 130 S. Ct. at 3230). As illustrated above, claim 37 takes the idea of monitoring and adjusting how fast information is transferred and applies insignificant post solution elements (*i.e.,* "target information packet" and "a user node and a master node."). The addition of these insignificant post solution elements does not render claim 37 patent eligible.

### 3. Claim 37 fails the machine or transform test

Claim 37 also fails the machine-or-transform test because the claim is merely tied to general computers that transfer information. The machine-or-transform test "can provide a 'useful clue' in the second step of the *Alice* framework." *Ultramercial*, 772 F.3d at 716 (citations omitted). Under this test, "[a] claimed process can be patent-eligible under Section 101 if: (1) it is tied to a particular machine or apparatus, or (2) it transforms a particular article into a different state or thing." *Id.* As illustrated above, claim 37 covers only conventional computers and the transfer of information and is "not tied to any particular novel machine or apparatus, only a general purpose computer . . . [and] [a]ny transformation from the use of computers or the transfer of content between computers is merely what computers do." *Id.* at 716-717. Claim 37 fails the machine-or-transform test.

### C. Further litigation is unnecessary and only wastes judicial resources

Claim construction is unnecessary for deciding this motion to dismiss based on 35 U.S.C. § 101. *See Content Extraction*, 776 F.3d at 1349. Orostream may claim that "target information packets," "user node," or "master node" may need construction, but these elements of the '837 Patent are judicially recognized as being disclosed in the prior art. *EIT Holdings, LLC,* 2012 WL 174803. As such, none of these generic computer elements provide an inventive concept to confer patent eligibility. *See Clear with Computers,* 2015 WL 993392 at *4 (finding an abstract idea implemented on a computer with elements such as "automatically select," "dynamically building a template," "single composite visual output," "static database," and "active database" patent ineligible).

Moreover, resolution of this issue at the outset will save valuable judicial resources and also the parties' resources. The '837 Patent expires in a year, and since Orostream is a non-practicing entity, it does not have products or services that compete with the NHL Interactive and Zuffa products and services at issue here. Resolving the case sooner rather than later benefits everyone.

## IV. CONCLUSION

For the reasons set forth above, NHL Interactive and Zuffa respectfully request that the Court dismiss Orostream's complaints with prejudice.

-12-

| | |
|---|---|
| Dated:  May 6, 2015 | Respectfully submitted, |
| | */s/ Matthew C. Bernstein* |
| | Matthew C. Bernstein (Lead Attorney) |
| | CA State Bar No. 199240 |
| | mbernstein@perkinscoie.com |
| | Miguel J. Bombach *(Pro Hac Vice)* |
| | CA State Bar No. 274287 |
| | mbombach@perkinscoie.com |
| | PERKINS COIE LLP |
| | 11988 El Camino Real, Suite 350 |
| | San Diego, CA 92130-2594 |
| | Tel: 858-720-5700 |
| | Fax: 858-720-5799 |
| | *Attorneys for Defendants* |
| | *Zuffa, LLC and NHL Interactive CyberEnterprises, LLC* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 6, 2015, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Matthew C. Bernstein*
Matthew C. Bernstein