IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **OROSTREAM LLC,**<br><br>  Plaintiff,<br>v.<br><br>**ABS-CBN INTERNATIONAL,**<br><br>  Defendant. | CIVIL ACTION NO. 2:15-cv-248-JRG<br><br>**PATENT CASE**<br><br>**LEAD CASE** |
| v. **WORLD WRESTLING ENTERTAINMENT, INC.,**<br>  Defendant. | CIVIL ACTION NO. 2:15-CV-261-JRG **(CONSOLIDATED)** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
AGAINST WORLD WRESTLING ENTERTAINMENT, INC.**

Plaintiff Orostream LLC files this First Amended Complaint for Patent Infringement against World Wrestling Entertainment, Inc., and would respectfully show the Court as follows:

## I. THE PARTIES

1. Plaintiff Orostream LLC ("Orostream" or "Plaintiff") is a Texas limited liability company with its principal place of business in the Eastern District of Texas at 3401 Custer Road, Suite 125-B, Plano, Texas 75023.

2. On information and belief, Defendant World Wrestling Entertainment, Inc. ("Defendant"), is a Delaware corporation with its principal place of business at 1241 East Main Street, Stamford, CT 06902.

## II. JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at least to its substantial business in this forum, including at least a portion of the infringements alleged herein.

5. Without limitation, on information and belief, within this state, Defendant has used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas and this District. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in the State of Texas and in this District. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within the State of Texas and within this District. Defendant has committed such purposeful acts and/or transactions in the State of Texas and in this District such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, Defendant has sufficient contacts with the State of Texas and this District such that this Court is a fair and reasonable venue for the litigation of this action. On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts and is subject to personal jurisdiction in this

District for at least the reasons identified above, including due at least to its sale of products and/or services within the State of Texas and from this District.

7. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III.  COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 5,828,837)

8. Plaintiff incorporates the above paragraphs herein by reference.

9. On October 27, 1998, United States Patent No. 5,828,837 ("the '837 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '837 Patent is titled "Computer Network System and Method for Efficient Information Transfer." The application leading to the '837 Patent was filed on April 15, 1996. A true and correct copy of the '837 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Orostream is the assignee of all right, title and interest in the '837 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '837 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '837 Patent by Defendant.

11. **Direct Infringement.** Upon information and belief, Defendant has been and now is directly infringing at least claim 37 of the '837 patent in the State of Texas, in this District, and elsewhere in the United States, by making and/or using a content distribution system over the internet, including the system and application for the World Wrestling Network app, which performs a method of transferring target information packets while minimizing additional communication delay between a user node and a master node comprising the steps of monitoring length

of time necessary for transfer of each target information packet, and adjusting the rate of target information transfer in response to the monitored transfer time.

12. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '837 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

13. On information and belief, Defendant will continue its infringement of one or more claims of the '837 patent unless enjoined by the Court. Each and all of the Defendant's infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

14. On information and belief, Defendant has had at least constructive notice of the '837 patent by operation of law, and there are no marking requirements that have not been complied with.

## VI.  JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

    a.    Judgment that one or more claims of United States Patent No. 5,828,837 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 5,828,837; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  May 11, 2015                                Respectfully submitted,

                                                    */s/ David R. Bennett*
                                                By: David R. Bennett
                                                    Direction IP Law
                                                    P.O. Box 14184
                                                    Chicago, IL 60614-0184
                                                    Telephone: (312) 291-1667
                                                    e-mail:  dbennett@directionip.com

                                                    **ATTORNEY FOR PLAINTIFF
                                                    OROSTREAM LLC**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 11, 2015, to all counsel of record who have appeared in this case and are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                     */s/ David R. Bennett*
                                                    David R. Bennett