IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OROSTREAM LLC, | |
| Plaintiff, | CIVIL ACTION NO. 2:15-cv-248-JRG |
| v. | PATENT CASE |
| ABS-CBN INTERNATIONAL, | LEAD CASE |
| Defendant. | |
| v. WORLD WRESTLING ENTERTAINMENT, INC., | CIVIL ACTION NO. 2:15-cv-261-JRG (CONSOLIDATED) |
| Defendant. | |

**WORLD WRESTING ENTERTAINMENT, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant World Wrestling Entertainment, Inc. ("WWE"), by and through its attorneys, files this Answer and Affirmative Defenses to the First Amended Complaint for Patent Infringement filed by Plaintiff Orostream LLC ("Orostream") against WWE (Dkt. 48).

**THE PARTIES**

1.  WWE is without sufficient knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 1 of the First Amended Complaint, and on that basis denies them.

2.  Admitted.

## JURISDICTION AND VENUE

3. WWE admits that Plaintiff has styled its action as one for patent infringement. WWE admits the general proposition that 28 U.S.C. §§ 1331 and 1338(a) confers on district courts original jurisdiction over matters arising under any Act of Congress relating to patents. Excepts as expressly so admitted, WWE denies the allegations of Paragraph 3 in the First Amended Complaint.

4. For purposes of this litigation only, WWE does not challenge the assertion of personal jurisdiction over WWE. WWE denies any and all remaining allegations and legal conclusions in Paragraph 4 of the First Amended Complaint, and specifically denies any allegations of wrongdoing or infringement.

5. For purposes of this litigation only, WWE does not challenge the assertion of personal jurisdiction over WWE. WWE denies any and all remaining allegations and legal conclusions in Paragraph 5 of the First Amended Complaint, and specifically denies any allegations of wrongdoing or infringement.

6. Paragraph 6 of the Complaint recites legal conclusions to which no answer is required. To the extent a further answer is required, WWE denies any and all remaining allegations and legal conclusions in Paragraph 6 of the First Amended Complaint and denies that the Eastern District of Texas is the proper venue.

7. For purposes of this litigation only, WWE does not challenge the assertion of personal jurisdiction over WWE. WWE denies any and all remaining allegations and legal conclusions in Paragraph 7 of the First Amended Complaint and denies that the Eastern District of Texas is the proper venue.

## COUNT 1

## PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 5,828,837

8. WWE incorporates its responses to Paragraphs 1 through 7 of the First Amended Complaint as if fully set forth herein.

9. WWE admits that United States Patent No. 5,828,837 ("the '837 patent") is entitled "Computer Network System and Method for Efficient Information Transfer," that it was issued on October 27, 1998, that the application leading to the '837 patent was filed April 15, 1996, and that a copy of the '837 patent was attached as Exhibit A to the First Amended Complaint.  Excepts as expressly so admitted, WWE denies the allegations of Paragraph 9 in the First Amended Complaint.

10. WWE lacks sufficient knowledge or information upon which to admit or deny the allegations in Paragraph 10 of the First Amended Complaint and, on that basis, denies the allegations in Paragraph 10 of the First Amended Complaint.

11. WWE denies the allegations of Paragraph 11 of the First Amended Complaint.

12. WWE denies the allegations of Paragraph 12 of the First Amended Complaint.

13. WWE denies the allegations of Paragraph 13 of the First Amended Complaint.

14. WWE denies that it "has had at least constructive knowledge of the '837 patent by operation of law."  WWE lacks sufficient knowledge or information upon which to admit or deny any and all remaining allegations in Paragraph 14 of the First Amended Complaint and, on that basis, denies them.

## AFFIRMATIVE DEFENSES

Subject to the responses above, and without conceding that any of the following defenses must necessarily be pled or that any such defenses are not already at issue by virtue of the

foregoing denials, WWE asserts the following affirmative defenses. WWE undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are categorized herein. In addition to the affirmative and other defenses described below, WWE reserves the right to amend this Answer and these Affirmative Defenses as additional information is obtained.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff's First Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Noninfringement)

WWE has not directly infringed, indirectly infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '837 patent, either literally or under the doctrine of equivalents, and it has not otherwise committed any acts in violation of 35 U.S.C. § 271, willfully or otherwise.

### THIRD AFFIRMATIVE DEFENSE
(Invalidity)

The claims of the '837 patent are invalid for failure to meet the statutory requirements of Title 35 of the United States Code, including, but not limited to, failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
(Limitation on Damages and Costs)

Plaintiff's claims for relief are barred, in whole or in part, by 35 U.S.C. §§ 286, 287 and/or 288.

### FIFTH AFFIRMATIVE DEFENSE
(Equitable Defenses)

Plaintiff's claims for relief are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE
(Adequate Remedy at Law)

Plaintiff is not entitled to injunctive relief against WWE because any alleged injury to plaintiff is not immediate or irreparable and plaintiff has an adequate remedy at law.

### SEVENTH AFFIRMATIVE DEFENSE
(Reservation of Defenses)

Defendant hereby gives notice that it intends to rely on any other defense and assert any counterclaim that may hereafter become available or appear during any discovery proceeding or otherwise in this case and hereby reserves its right to amend its Answer and Affirmative Defenses and/or to assert counterclaims accordingly.

### COUNTERCLAIM

WWE asserts a counterclaim against Plaintiffs as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 of invalidity of the '837 patent. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.

### PARTIES

2. Counterclaim plaintiff WWE is a Delaware corporation with a principal place of business at 1241 East Main Street, Stamford, CT 75023.

3.    Upon information and belief, Counterclaim defendant Orostream is a Texas limited liability company with a principal place of business at 3401 Custer Road, Suite 125-B, Plano, Texas 75023.

## JURISDICTION AND VENUE

4.    This is an action based upon and arising under the patent laws of the United States 35 U.S.C. §§ 1 et seq.

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

6.    This Court has personal jurisdiction over the Counterclaim Defendant because, among other things, the Counterclaim Defendant voluntarily consented to personal jurisdiction by filing its First Amended Complaint in this Court.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) at least because the Counterclaim Defendant submitted to personal jurisdiction within this judicial district.

## COUNTERCLAIM I

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '837 PATENT

8.    WWE repeats and re-alleges Paragraphs 1 through 7 of this Counterclaim as if fully set forth herein.

9.    In the First Amended Complaint, Orostream specifically identifies only Claim 37 of the '837 patent as allegedly being infringed by WWE.

10.    Claim 37 of the '837 patent is invalid for failure to comply with one or more provisions of the patent laws of the United States, including, but not necessarily limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

11. Claim 37 is not tied to any particular hardware or network.

12. Claim 37 is a method claim whose preamble states "A method of transferring target information packets while minimizing additional communication delay between a user node and a master node…"

13. The '837 patent states that the "user node … is typically a personal computer." '837 patent at col 3:38-39.

14. The term "user node" does not connote any specific structural components.

15. The '837 patent states that the "master node … is preferably a server." '837 patent at col. 3:42.

16. The term "master node" does not connote any specific structural components.

17. EIT Holdings, LLC ("EIT") is a previous owner of the '837 patent.

18. EIT asserted claims 40 and 41 of the '837 patent in a prior lawsuit against nine separate defendants in the Northern District of California in *EIT Holdings, LLC v. Yelp!, Inc.*, Case No. 3-10-cv-05623-WHA (N.D. Cal.)

19. On January 20, 2012, the Northern District of California issued an "Order Granting Motion for Summary Judgment" finding that claims 40 and 41 of the '837 patent were invalid under 35 U.S.C. § 102.

20. The United States Court of Appeals for the Federal Circuit affirmed the holding of invalidity of claims 40 and 41 of the '837 patent by the Northern District of California per curiam on October 9, 2012 in Appeal No. 2012-1192.

21. The method recited in the body of claim 37, following the preamble, recites only two steps. Step 1 is "monitoring length of time necessary for transfer of each target information

packet" and Step 2 is "adjusting the rate of target information transfer in response to the monitored transfer time."

22. Step 1 of claim 37 of the '837 patent does not specify any component for "monitoring length of time necessary for transfer of each target information packet."

23. Step 1 of claim 37 of the '837 does not specify how the "length of time necessary for transfer of each target information packet" is monitored.

24. Step 2 of claim 37 of the '837 does not specify any component for "adjusting the rate of target information transfer in response to the monitored transfer time."

25. Step 2 of claim 37 of the '837 does not specify how "the rate of target information transfer" is adjusted "in response to the monitored transfer time."

26. Claim 37 is directed to the abstract idea of monitoring and adjusting how fast something is transferred.

27. Claim 37 does not recite any claim elements that, individually or as an ordered combination, transform the abstract idea to patent eligible subject matter.

28. Orostream filed as a Domestic Limited Liability Company in the State of Texas on December 11, 2014.

29. On February 23, 2015, Orostream filed fifteen (15) separate lawsuits in the Eastern District of Texas, all alleging infringement of claim 37, and only claim 37, of the '837 patent.

30. There is an actual, substantial, and continuing justiciable controversy between WWE and Orostream regarding the validity of claim 37 of the '837 patent.

31. WWE therefore respectfully requests that this Court enter a declaratory judgment declaring that the claim 37 of the '837 patent is invalid.

32. Such a judicial declaration is necessary and appropriate in order to resolve this controversy.

## PRAYER FOR RELIEF

Having responded to the allegations of the First Amended Complaint as set forth above, WWE denies that Plaintiff is entitled to any of the relief requested, and requests that the Court:

(1) Enter judgment in WWE's favor;

(2) Order that Plaintiff take nothing;

(3) Enter a declaratory judgement that claim 37 of the '837 patent is invalid;

(4) Declare this case exceptional and award WWE its attorneys' fees and costs; and

(5) Award WWE such further and other relief as justice requires.

## DEMAND FOR A JURY TRIAL

WWE demands a trial by jury of all issues so triable.

Dated: June 15, 2015                                  Respectfully submitted,

*/s/ Steven G. Schortgen*
Steven G. Schortgen, Lead Attorney
  Texas State Bar No. 00794603
  steve.schortgen@klgates.com
Jennifer Klein Ayers
  Texas State Bar No. 24069322
  jennifer.ayers@klgates.com
K&L Gates LLP
1717 Main St.
Suite 2800
Dallas, TX 75201
214.939.5500
214.939.5849 Facsimile

Mark Knedeisen (*pro hac vice forthcoming*)
  PA Bar No. 82489
  mark.knedeisen@klgates.com
Patrick McElhinny (*pro hac vice forthcoming*)
  PA Bar No. 53510
  patrick.mcelhinny@klgates.com
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222-2613
Telephone: 412.355.6500
Facsimile:  412.355.6501

**ATTORNEYS FOR DEFENDANT WORLD WRESTLING ENTERTAINMENT INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that pursuant to Local Rule CV-5(a)(3), all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 15, 2015.

/s/  Steven G. Schortgen