IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| OROSTREAM LLC, *Plaintiff*, v. ABS-CBN INTERNATIONAL, *Defendant*. | § § § § § § § § | Case No. 2:15-cv-248-JRG (Lead Case) |
| FOX NEWS NETWORK, LLC | § § § | Case No. 2:15-cv-251-JRG (Member Case) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are multiple Rule 12(b)(6) Motions to Dismiss under § 101 in Case No. 2:15-cv-248. (Dkt. Nos. 34, 42.) On August 31, 2015, the Court converted both of these motions to Rule 56 Motions for Summary Judgment. (Dkt. No. 152.) For the reasons set forth below, the Court **GRANTS** Defendants' Motions under Rule 56 and finds that the challenged claim of the patent-in-suit is ineligible for patent protection on the ground that it is directed to unpatentable subject matter.

## BACKGROUND

On February 23, 2015, Plaintiff Orostream LLC ("Orostream") filed actions against each of the Defendants[1] asserting infringement of at least claim 37 of U.S. Patent No. 5,828,837 ("'837 Patent"). (Dkt. No. 1 in 2:15-cv-248; Dkt. No. 1 in 2:15-cv-251.) On April 24, 2015, the

---

[1] The Defendants remaining in this consolidated action at the time of this Order are ABS-CBN International and Fox News Network, LLC.

1

Court consolidated these actions under the lead case, No. 2:15-cv-248. (Dkt. No. 7 in 2:15-cv-251.) On May 15, 2015, Orostream served its infringement contentions on each of the Defendants. *See* (Notice of Compliance Regarding PR 3-1 and 3-2 Disclosures, Dkt. No. 52).[2]

After consolidation, in May 2015, ABS-CBN filed its first Motion and corrected Motion seeking dismissal on the basis that at least asserted claim 37 is not patent-eligible under 35 U.S.C. § 101. (Dkt. Nos. 29, 34.) A day later, Fox News Network ("Fox") filed the second Motion seeking dismissal on the same basis. (Dkt. No. 42.)[3] On May 29, 2015, ABS-CBN filed a Notice of Joinder to Fox's Motion to Dismiss. (Dkt. No. 77.) Because the parties have submitted, and the Court has considered, matters outside of the pleadings, pursuant to Rule 12(d), the Court converted the Motions to motions for summary judgment under Rule 56. (Dkt. No. 152.) The Court held a hearing on the instant Motions on September 10, 2015.

The patent-in-suit relates to computer-implemented systems and methods for transferring information efficiently. The '837 Patent is entitled "Computer Network System and Method for Efficient Information Transfer" and was issued on April 15, 1996. Asserted independent claim 37 of the '837 Patent provides:

> **37.** A method of transferring target information packets while minimizing additional communication delay between a user node and a master node comprising the steps of:
>
> monitoring length of time necessary for transfer of each target information packet; and
>
> adjusting the rate of target information transfer in response to the monitored transfer time.

---

[2] Unless otherwise noted, all Docket Number citations refer to docket entries in case 2:15-cv-248.
[3] The ABS-CBN and Fox Motions contain similar arguments. The Court will address Fox's Motion as the exemplar motion. (Dkt. No. 42.)

Orostream asserts only independent claim 37 of the '837 Patent. Accordingly, the Court limits its analysis to claim 37 of the '837 Patent.

## DISCUSSION

### A. The Standard for Granting Motions for Summary Judgment Under Rule 56

Federal Rule of Civil Procedure 56(c) authorizes a Court to grant summary judgment where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." A party moving for summary judgment must satisfy its initial burden by showing that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). A "principal purpose[] of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Id.* at 323–24.

### B. Patentable Subject Matter under 35 U.S.C. § 101

Patent eligibility under § 101 is an issue of law, but the legal conclusion may contain underlying factual issues. *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340–41 (Fed. Cir. 2013). Under the limited circumstances of this case, there are no material factual disputes that prevent the Court from deciding Fox's motion pursuant to Rule 56.

Additionally, the relevant facts of this case demonstrate that claim construction is unnecessary. In certain circumstances, claim construction is not a pre-requisite to a § 101 determination. *Bancorp Servs., L.L.C. v. Sun Life. Assur. Co. of Canada (U.S.)*, 687 F.3d 1273, 1274 (Fed. Cir. 2012). Orostream asserts that a multitude of likely claim construction issues exist. *See* (Dkt. No. 89 at 26). Orostream seeks to limit Fox's characterization of the terms "target information," "master node," "user node," "monitoring length of time necessary for transfer of each target information packet," and "adjusting the rate of target information transfer

in response to the monitored transfer time." (Dkt. No. 89 at 27.) The Court concludes that, even if it did accept Orostream's proposed constructions of each of these terms, the constructions would not alter the Court's analysis under § 101.

### 1. Legal Standard

35 U.S.C. § 101 provides that:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

In deciding *Alice Corporation Pty. Ltd. v. CLS Bank International*, 134 S. Ct. 2347 (2014) ("*Alice*"), the Supreme Court addressed a series of cases concerning the patent eligibility of software claims under 35 U.S.C. § 101. *See Bilski v. Kappos*, 561 U.S. 593, 130 S. Ct. 3218 (2010) ("*Bilski*"); *see also Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2116 (2013) ("*Myriad*"); *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012) ("*Mayo*"). In *Alice*, the Court reiterated that the right of inventors to obtain patents, as codified in § 101, "contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." 134 S. Ct. at 2354 (citing *Myriad*, 133 S. Ct. at 2116).

In determining whether to apply this exception under § 101, courts "must distinguish between patents that claim the 'buildin[g] block[s]' of human ingenuity and those that integrate the building blocks into something more, thereby 'transform[ing]' them into a patent-eligible invention." *Alice*, 134 S. Ct. at 2354. To make that distinction, courts apply the two-step test originally articulated in *Mayo* and reaffirmed in *Alice*.

This test requires the Court to first "determine whether the claim[] at issue [is] directed to one of those patent-ineligible concepts," such as an abstract idea. *Id.* at 2355.

If the challenged claim satisfies this "ineligible concept" step, the court must then "determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (quoting *Mayo*, 132 S. Ct. at 1296–97). In this "inventive concept" step, the Court considers the elements of the claim both individually and "as an ordered combination" in order to determine if an element or combination of elements within the claims are "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Id.* A claim may become patent-eligible when the "claimed [invention] include[s] . . . unconventional steps . . . that confine[] the claims to a particular, useful application of the principle." *Mayo*, 132 S. Ct. at 1300; *see also DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014) ("In particular, the '399 patent's claims address the problem of retaining website visitors that, if adhering to the routine, conventional functioning of Internet hyperlink protocol, would be instantly transported away from a host's website after 'clicking' on an advertisement and activating a hyperlink.").

2. **Analysis**

In order to prevail on a § 101 challenge, the movant must show that the challenged claim first fails the "ineligible concept" step and then also fails the "inventive concept" step of the *Alice* test. In this case, Fox asserts that claim 37 in the '837 Patent fails both steps. First, Fox argues that the claim is directed to the patent-ineligible abstract idea of feedback adjustment. Second, Fox argues that the claim contains no inventive concept that transforms its nature into a patent-eligible application.

i. *Alice* **Step One: The Ineligible Concept Step**

Here, the Court finds that the asserted claim is directed to the abstract idea of adjustment of the rate of information transfer based on feedback. Claim 37 recites a method of monitoring

information transfer time and adjusting the rate of information transfer in response. '837 Patent at 18:61–67.

The claimed idea here represents routine tasks that could be performed in the human mind. *See CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011). While the generic elements of "user node[s]" and "master node[s]" are included, Claim 37 essentially describes the common process of feedback adjustment; nothing in the asserted claim ties the actual performance of the claimed method steps to any computer or any other device. Indeed, the steps from Claim 37 of monitoring and adjusting information transfer rate are analogous to the patent-ineligible claims from *Parker v. Flook* of determining and adjusting alarm limit values. *See Parker v. Flook*, 437 U.S. 584, 596–97 (1978).

Orostream contends that the claim is not directed toward an abstract idea because it is rooted in computer network technology that necessarily requires a computer network, which it argues is patent-eligible subject matter. (Dkt. No. 89 at 19.) Further, Orostream argues that the '837 Patent describes problems specifically found in the realm of computer technology that are solved by the claimed method. (*Id.* at 20–21) (citing *DDR Holdings*, 773 F.3d at 1257). In this case, the Court disagrees. *DDR Holdings* does not apply here since the problem of adjusting information flow to minimize delay existed before computer networking. Unlike *DDR Holdings*, the problem addressed is not unique to computers. *See DDR Holdings*, 773 F.3d at 1257.

The Court concludes that, under the first step of the analysis, the claimed idea is directed toward an ineligible concept; that is: an abstract idea.

    ii.    *Alice* **Step Two: The Inventive Concept Step**

Since the claimed method is directed toward an abstract idea, the Court must next determine whether an inventive concept exists that is sufficient to transform the claim into

patent-eligible subject matter. Such transformation requires more than simply stating the abstract idea "while adding the words 'apply it.'" *Mayo*, 132 S. Ct. at 1294.

Orostream asserts that the terms of the '837 Patent tie it to bandwidth utilization in network communications and thus is rooted in computer technology in a way that limits the scope of the claims. (Dkt. No. 89 at 22.) Orostream relies upon an expert declaration in an attempt to support these contentions, but the declaration is essentially conclusory and provides little specific support. (Dkt. No. 89-15, "Jawadi Decl.") Further, the '837 Patent does not claim the process of feedback adjustment of information transfer in a manner that limits its use to a particular structure or machine. "To salvage an otherwise patent-ineligible process, a computer must be integral to the claimed invention, facilitating the process in a way that a person making calculations or computations could not." *Bancorp*, 687 F.3d at 1278. The inclusion of terms that may vaguely allude to computer-based activity does not suffice to meaningfully restrict the '837 Patent from preempting the abstract idea of feedback adjustment itself.

Indeed, unlike the patent upheld by the Federal Circuit in *DDR Holdings, LLC v. Hotels.com, L.P.*, the asserted claim does not present a unique solution "in order to overcome a problem specifically arising in the realm of computer networks." 773 F.3d at 1257. Instead, Claim 37 applies an old solution (feedback adjustment) to an old problem (efficient utilization of limited resources) in a computing environment. This is not a problem "unique" to computer networks, so *DDR Holdings* does not apply. Furthermore, while the patent at issue in *DDR* provided an Internet-based solution to solve a problem unique to the Internet, the patent claims here do not provide a particular computer-implemented solution to solve a problem unique to computers; again, *DDR* does not apply. *See Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1371 (Fed. Cir. 2015); *see also DDR Holdings*, 773 F.3d at 1256–57,

1259.

Further, Orostream argues that a person having ordinary skill in the art would not interpret the claims as capable of human performance. (Dkt. No. 89 at 20–21.) Orostream cites an expert declaration in an attempt to support this contention, but the declaration is again conclusory and little real support for such notion. (Dkt. No. 89-15, Jawadi Decl. ¶ 20.) The Court declines to rewrite the claims, which is what Orostream suggests. The '837 Patent claims at issue "amount to nothing significantly more than an instruction to apply the abstract idea of [feedback adjustment] using some unspecified, generic computer." *Alice*, 134 S. Ct. at 2360 (internal quotation marks omitted).

Finally, Orostream argues that the claims do not preempt the abstract concept of feedback adjustment because any preemption by the '837 Patent is narrow and not absolute. (Dkt. No. 89 at 21.) The Court disagrees. *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015) ("While preemption may signal patent ineligible subject matter, the absence of complete preemption does not demonstrate patent eligibility."). The challenged claims, considered both independently and as an ordered combination, are not meaningfully limited in a manner that would prevent Orostream from obtaining a monopoly over the abstract idea itself.

The Court finds that no inventive concept exists to transform the claimed abstract idea of feedback adjustment into a patent-eligible invention.

## CONCLUSION

For the reasons set forth above, the Court finds that claim 37 of the '837 Patent is invalid under 35 U.S.C. § 101 and therefore **GRANTS** Defendants' Motions to Dismiss (Dkt. Nos. 34, 42).

**So ORDERED and SIGNED this 1st day of October, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE